MARY CLARK

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa November 17, 1884.*

NEW TRIAL—*verdict against the evidence—in criminal case.* Three persons were tried together, for larceny, and all convicted, two being evidently guilty, but the guilt of the third was quite doubtful. The principal witness against the third was one of her co-defendants, whose testimony was not very reasonable and probable in itself, and was contradicted by other defendants. This court not being satisfied, beyond a reasonable doubt, of the guilt of the third party, and believing it better to give her a trial separately, reversed the judgment against her, and remanded the cause to the court below for a new trial.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. GEORGE GARDNER, Judge, presiding.

At the January term, 1884, of the Criminal Court of Cook county, Mary Clark was indicted, with Mary Anderson and Bertha Kleinsmith, for the crime of larceny, and on the trial was found guilty, with her co-defendants, of stealing a lot of ostrich plumes, and sentenced to the penitentiary for a period of two years. She brings the case to this court on error, and seeks a reversal of that judgment against her, principally on the ground the verdict is contrary to the evidence.

Messrs. E. & A. VAN BUREN, for the plaintiff in error.

Mr. JAMES McCARTNEY, Attorney General, and Mr. LUTHER LAFLIN MILLS, State's attorney, and Mr. GEORGE C. INGHAM, for the People.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The evidence in this case has been examined with care, and the court is not satisfied it shows, beyond a reasonable

doubt, that defendant, Mary Clark, is guilty of the crime of larceny with which she is charged. The principal fact that is proven to connect her with the stealing of the goods, is, she went to the store in company with the guilty defendants, and was in the store at the time the goods were taken. But all that may be true, and consist with her innocence. She was in another part of the store when the goods were taken, and with her back towards the other defendants, so that she could not see what they were doing. Outside of the testimony of one of defendants, there is really nothing to connect defendant Clark with the larceny. Bertha Kleinsmith, a co-defendant, and the one most guilty of all of them, testified that defendants Clark and Mary Anderson drove up to her house, and induced her to go out with them to steal, as she and Mary Anderson wanted $100 to pay lawyers' fees, and had no other way to get the money. The story she tells in this respect, is not in itself a very probable one. On the other hand, Mary Anderson testified, with great positiveness, that defendant Clark did not know that she had taken the goods, until they were arrested, and had nothing to do with the taking. When arrested, Mrs. Clark asked, "Why did you get me into this trouble?"—to which Mary Anderson made no reply.

There is much in the evidence that tends to impeach the testimony of defendant Kleinsmith. She had before been convicted of larceny, and had served a term in the penitentiary. Her whole testimony shows she is an abandoned woman and a great criminal. Besides these damaging facts, her account of what occurred at the store is in conflict with that of all the other witnesses. Mary Anderson, so far as this record discloses, has never before been charged with crime, and her testimony would therefore seem to be entitled to more weight. While it is the province of the jury to judge of the credibility of the several witnesses, this court would, in view of the unsatisfactory character of the testimony, be

better satisfied if the case should be submitted to another jury, where defendant could be tried separately from her co-defendants, both of whom are clearly guilty. To that end the judgment will be reversed, and the cause remanded.

*Judgment reversed.*